# In the United States Court of Federal Claims

No. 19-843T

(Filed: August 27, 2019)

## (NOT TO BE PUBLISHED)

| | |
|---|---|
| **TAD A. PATTERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

Tad A. Patterson, *pro se*, Eugene, Oregon.

Margaret E. Sheer, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, and David I. Pincus, Chief, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

### OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff Tad A. Patterson has brought suit seeking $610,111.96 against the United States Department of the Treasury for unspecified injuries related ostensibly to unpaid individual income taxes. Compl. at 1-2, ECF No. 1; *see also* Compl. Attach. 1 (cover sheet), ECF No. 1-1.[1] Mr. Patterson alleges that the United States "knowingly and maliciously" "[took his] assets without jurisdiction" after the United States Tax Court ("Tax Court") dismissed his tax claim for lack of jurisdiction. Compl. at 1-2. The United States (the "government") has moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing that this court lacks jurisdiction over Mr. Patterson's claim. *See* Mot. of the United States to Dismiss the Compl. for Lack of Jurisdiction ("Def.'s Mot."), ECF No. 7. Mr. Patterson responded in opposition to the government's motion on August 23, 2019. Obj. of Tad Alan Patterson to United States Mot. to Dismiss ("Pl.'s Resp."), ECF No. 8.

---

[1]Citations to the complaint correspond to the page marking as reproduced in the Electronic Case Filing system.

Because this court lacks subject-matter jurisdiction over Mr. Patterson's claim, the government's motion to dismiss his complaint is GRANTED.

## BACKGROUND

In support of his claims, Mr. Patterson provided a Department of Justice standard form for a "Claim for Damage, Injury, or Death" ("DOJ Claim Form"), Compl. Attach. 2 at 1-2, ECF No. 1-2, and five exhibits ("PX"), Compl. Attach. 2 at 3-69.[2] The DOJ Claim Form reasserts the principal allegation of the complaint. Compl. Attach. 2 at 1. Exhibits A and B contain, respectively, the Tax Court's Order of Dismissal for Lack of Jurisdiction in *Patterson v. Commissioner*, No. 4665-19 (T.C. May 14, 2019), and the government's preceding motion to dismiss for lack of jurisdiction. PXs A, B. Exhibit C provides four "Notice of Federal Tax Lien" forms filed by the Internal Revenue Service ("IRS"). PX C. The first two are identical liens covering tax years 2007 and 2008 and were filed in August 2011 with the County Clerk of Lane County, Oregon, and the Oregon Secretary of State, respectively. PX C at 20-21. The third and fourth were filed in October 2011 and November 2012 for tax years 2007 and 2011, respectively, both filed with the Oregon Secretary of State. PX C at 22. Exhibit D presents 41 notices from the IRS to Mr. Patterson, each identifying an outstanding balance associated with a tax year from 2007 through 2012, and dated between May 2009 and December 2018. PX D at 25-66.[3] Many of the notices are annual updates to previously issued tax liability letters. Exhibit E contains a "Taxpayer's Copy of Notice of Levy," filed by the IRS in July 2010 against Mr. Patterson's account with a bank. PX E at 68.

The government provided five exhibits ("DX") in support of its motion to dismiss. *See* Def.'s Mot.[4] Exhibits A and B contain Mr. Patterson's petition to the IRS from March 2019 contesting taxes for 2000 through 2018 and a summary of the Tax Court's docket for this case. DX A at 2-3; DX B at 6-7. Exhibit C contains two orders from the Tax Court, one from August 2018 and the other from February 2019, both dismissing previous tax petitions for failure to pay the filing fee. DX C at 9-11. Exhibit D provides certified transcripts of Mr. Patterson's individual tax returns for tax years 2007 through 2012, all reflecting the status of these returns as of June 26, 2019. DX D at 14-43. Exhibit E provides an account transcript from August 2019 showing the balance of a civil penalty assessed by the IRS against Mr. Patterson for tax year 2008. DX E at 45-46.

Against this background, Mr. Patterson's complaint provides little additional information. His complaint alleges that the government "damaged [him] in the amount of $610,111.96 for taking [his] assets without jurisdiction," a lack of jurisdiction evident from a "United States

---

[2]The exhibits submitted by Mr. Patterson were individually marked, but were not individually paginated. Citations to the page number for Mr. Patterson's exhibits correspond to the page marking as reproduced in the Electronic Case Filing system.

[3]One notice pertaining to tax year 2007 does not indicate the date. PX D at 38. The original notices appear to contain multiple pages, but only one page appears for 40 of the notices.

[4]The government's exhibits are individually labeled and sequentially paginated. Citation to the page number for these exhibits correspond to the numbering provided by the government.

Court judgment for dismissal for lack of [j]urisdiction." Compl. at 1. The remainder of the complaint provides the conclusory statement that the "[government] is involved knowingly and maliciously against [him] [and] therefore [the government is] violating [its] own policies and procedures." Compl. at 2. Mr. Patterson provides no explanation of the tax years at issue, whether he has paid any taxes for those years, or whether he requested a refund from the IRS. He provides no information regarding the relevance of his exhibits, except that his requested damages are derived by totaling each lien, levy, and billing statement provided in his exhibits. Compl. at 1.[5] Mr. Patterson contends in his response brief that the government is "misdirect[ing] this Court into believing this is a tax matter." Pl.'s Resp. at 2. He asserts that taxes are not at issue because the IRS has not followed proper procedures to assess a tax liability, and "hence [his c]laim for damages in this court." *Id.* The procedures allegedly violated appear to be imposing liens and levying property to satisfy tax assessments, having not first issued to him any "Notices of Deficiency" or "Notices of Determination." *Id.*

The IRS has assessed Mr. Patterson an unpaid tax liability for 2007 through 2012, and has sent multiple letters since 2008. *See generally* PX D. The latest IRS notices provided to Mr. Patterson, *i.e.*, those from December 2018, show that the IRS seeks $64,975.70 for tax years 2007, 2008, and 2010 through 2012. *See* PX D at 62-66. The only notice for 2009 dates to July 2013. PX D at 45. Further, the IRS placed a levy of $5,102.40 on Mr. Patterson's bank account in 2010 and recorded liens with Lane County and the Oregon Secretary of State for tax years 2007, 2008, and 2011. PXs C, E. On several of the billing notices, Mr. Patterson hand wrote "accepted for value [and] exempt from levy," provided his social security number as his "exemption ID [number]," and asked for "deposit to the US Treasury and charge the same to [Mr. Patterson]." *E.g.*, PX D at 29 (capitalization removed). It appears that these notes were written shortly after receipt and were returned (or were intended to be returned) to the Treasury. *See, e.g., id.* The Treasury appears not to have accepted these notes in satisfaction of Mr. Patterson's tax liability. *See generally* DXs D, E.[6]

IRS transcripts for Mr. Patterson's individual tax returns for 2007 through 2012 show that Mr. Patterson has outstanding balances, including principal, interest, and penalties, as of June 2019 for all six years. For 2007, Mr. Patterson owes $38,381.23 in tax liability. DX D at 22. For 2008, he has no remaining tax balance but owes $1,256.82 for a civil penalty. DX D at 27, DX E at 45. For 2009, his tax balance is $410.15. DX D at 30. For 2010, he owes $10,808.26 in tax liability. DX D at 34. His 2011 tax balance is $5,840.15. DX D at 39. And for 2012, he owes $8,734.40 in taxes. DX D at 43. Mr. Patterson does not appear to have made any payments towards the outstanding balances for any of these years except for $1.00 towards 2007,

---

[5]Mr. Patterson calculated Exhibit D to total to $507,808.87, Compl. at 1, though this sum is approximately $52,000 below the total.

[6]Mr. Patterson is not alone in advancing, unsuccessfully, meritless legal theories in an attempt to satisfy debts by asserting he is exempt from obligations owed to the United States. *See, e.g., Ali v. United States*, No. 19-586C, 2019 WL 3412313 (Fed. Cl. July 29, 2019); *Anderson v. United States*, No. 19-168T, 2019 WL 2552938 (Fed. Cl. June 3, 2019) (*pro se* tax refund suit disputing a federal tax lien for "taking Plaintiffs assets without Jurisdiction" after the Tax Court rejected the suit for lack of jurisdiction); *Gravatt v. United States*, 100 Fed. Cl. 279, 282-83 (2011).

DX D at 15, and $187.98 towards 2008 obtained via levy in January 2013, DX D at 26. Separately, the IRS obtained a total of $4,316.26 via levy in July 2010 and January 2013, both of which were applied against the 2008 civil penalty. DX E at 45-46.

Mr. Patterson appears to believe that each of the 41 notices, four liens, and one levy represents a separate assessment of tax liability. *See* Compl. at 1. The 41 notices reflect, however, periodic updates to an overdue balance for each tax year. *See, e.g.*, IRS, *Understanding your CP503 Notice* (June 13, 2019), www.irs.gov/individuals/understanding-your-CP503-Notice (explaining, for example, that the CP503 notice means that the IRS "ha[s] not heard from you and you still have an unpaid balance"). Letters for the same tax years are not cumulative. All three liens filed in 2011 reflect the same deficiencies, but were filed with different recording agencies or updated for a higher balance. The liens and levy are meant to collect the outstanding tax liabilities, and are not new assessments. Accordingly, the $610,111.96 Mr. Patterson calculates greatly exceeds what the IRS claims he owes or has levied, as noted by the government. *See also* Def.'s Mot. at 4-5. In actuality, for tax years 2007 through 2012 as of June 2019, the IRS has levied $4,504.24 and claims that Mr. Patterson still owes $65,431.01 in taxes, interest, and penalties. DXs D, E.

Mr. Patterson filed a petition with the Tax Court in March 2019 contesting whether the IRS followed proper collection procedures for tax years 2000 through 2018. DX A at 2. The Tax Court dismissed the petition for lack of jurisdiction, noting that the IRS has not issued any Notices of Deficiency or Determination for tax years 2000 through 2018 *"that would confer jurisdiction."* PX A at 4 (emphasis added). No Notices of Deficiency have been issued for tax years 2007 through 2012, PX B at 10, and while two Notices of Determination were sent with regard to tax years 2007 and 2008, Mr. Patterson's subsequent petitions appear to have been untimely by many years, PX B at 11-12; *see also* PX A at 4 (Tax Court's order adopting the reasons set forth in the government's motion). Thus, the Tax Court held it lacked jurisdiction to hear Mr. Patterson's claim. PX A at 4. The Tax Court also contemplated imposing a penalty up to $25,000 on Mr. Patterson for filing a frivolous claim, but instead "admonished" him. *Id.* at 4-5.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations is jurisdictional and is not susceptible to equitable tolling or any of the other doctrines that would excuse an untimely claim. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134-38 (2008).

Mr. Patterson, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[7] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines . . . it lacks subject-matter jurisdiction, the court must dismiss.").

## ANALYSIS

The government argues that this court lacks jurisdiction to hear Mr. Patterson's complaint because Mr. Patterson did "not attach proof of any refund claim filed with the IRS for any of tax years 1979 through 2009 and 2012 through 2018" and has not paid fully his tax liability for 2010 and 2011. Def.'s Mot. at 7. The government also suggests that Mr. Patterson misunderstands the Tax Court's ruling, as that court's lack of jurisdiction to hear his claim does not mean that the United States lacks authority to tax Mr. Patterson. *Id.* at 5-6.

Mr. Patterson does not specifically address jurisdiction in his complaint but argues the government "admitted not having jurisdiction" to take his assets and that this court "has a legal duty to keep the [government] honest and . . . [to] hold the [government] to the law." Compl. at 1-2. Mr. Patterson's avers that jurisdiction lies under the Tucker Act because "[a]buse of authority by the [government] is a matter within the jurisdiction of this court." Pl.'s Resp. at 3-4. The abuse of authority relates to the IRS filing liens and issuing billing statements "without jurisdiction." *Id.* at 4. Mr. Patterson also asserts that he argues neither a tax refund nor a taking because either theory requires the legality of the government's underlying action. *Id.* at 3-4.

The Tucker Act provides this court with jurisdiction to hear a claim for a refund of federal taxes. 28 U.S.C. § 1491(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). The Tucker Act also provides this court with jurisdiction to hear a takings claim. 28 U.S.C. § 1491(a); U.S. Const. amend. V. But the Tucker Act does not grant this court jurisdiction to hear generalized "abuse of authority" claims. Mr. Patterson must provide a

---

[7] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

constitutional, statutory, or regulatory provision entitling him to money. *E.g., Fisher*, 402 F.3d at 1172. He cites none and the court is not aware of any that would touch upon his "abuse of authority" allegation except for the tax refund or taking claims that he disclaims.[8] It is not apparent what substantive law would require the government to compensate Mr. Patterson for taxes it considers that he owes and that he has not paid. The Tucker Act also does not grant this court jurisdiction to hear challenges to the IRS' imposition of liens, assessment of taxes, or collection actions. Damages related to improper liens or collection actions may only be brought in a federal district court. 26 U.S.C. §§ 7432(a), 7433(a).

While Mr. Patterson asserts that he is not making a claim for tax refund or alleging a taking claim, because Mr. Patterson is a *pro se* plaintiff, the court will nevertheless look past his deficient pleadings to evaluate whether jurisdiction would be proper under these two theories. *See McZeal*, 501 F.3d at 1356. The Tucker Act does provide this court with jurisdiction to hear suits for refund of federal taxes, *i.e.*, where the taxpayer argues he has paid taxes in excess of what was legally required. 28 U.S.C. § 1491(a); *Clintwood Elkhorn*, 553 U.S. at 4. This court's jurisdiction, however, hinges upon Mr. Patterson meeting several requirements. Pertinent here, Mr. Patterson must have filed a claim for a refund with the IRS within three years of filing the tax return or within two years of paying the tax. 26 U.S.C. §§ 6511(a), 7422(a); *see also Clintwood Elkhorn*, 553 U.S. at 4. Further, he must have paid fully the tax assessed for any year in which he claims a refund prior to filing the complaint in this court. *Flora v. United States*, 357 U.S. 63, 72-75 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960); *see also, e.g., Rocovich v. United States*, 933 F.2d 991 (Fed. Cir. 1991).[9] Mr. Patterson, however, has not provided evidence, or even argued, that he has filed a claim for a refund with the IRS for any of the six

---

[8]Underlying Mr. Patterson's "abuse of authority" allegation is the Tax Court's dismissal of his petition in May 2019 for lack of jurisdiction. Pl.'s Resp. at 3; *see also* Compl. at 1. Mr. Patterson misunderstands the Tax Court's order. As the government correctly argues, the Tax Court's order does not mean that the United States lacks "jurisdiction," *i.e.*, authority, to collect taxes from Mr. Patterson. Nor does the decision "admit[]" that the government took his assets "without jurisdiction." *See* Pl.'s Resp. at 2 (capitalization removed). The Tax Court dismissed Mr. Patterson's petition because he failed to satisfy requirements for that court to hear his petition. *See* PXs A, B. It was not a ruling on the merits of his claim or the propriety of the taxes assessed or of the IRS' attempt to collect those taxes.

[9]Mr. Patterson must also have filed his complaint with this court no sooner than six months after filing his refund claim, and no later than two years after either the IRS disallowed his claim or Mr. Patterson waived his claim. 26 U.S.C. § 6532(a).

Additionally, the court has special pleading requirements for tax refund suits, such as requiring plaintiffs to document the claim for refund. RCFC 9(m). Mr. Patterson has not met these requirements. This court has previously held that these pleading requirements go to jurisdiction. *E.g., Jackson v. United States*, 143 Fed. Cl. 242, 246 (2019).

years in question. *See generally* PX D.[10] Not pursuing a mandatory administrative remedy deprives this court of jurisdiction to hear a claim for each of the six years at issue. *See Clintwood Elkhorn*, 553 U.S. at 14. Further, Mr. Patterson has an outstanding tax liability, exclusive of interests and penalties, for five of the tax years at issue: 2007 and 2009 through 2012. DX D at 22 (2007), 27 (2008), 30 (2009), 34 (2010), 39 (2011), 43 (2012). On this basis, the court would lack jurisdiction over those five years. *Flora*, 357 U.S. at 72-75.

Jurisdiction based on a Fifth Amendment takings theory, *see* Compl. at 1 ("taking [] assets without jurisdiction"), would also be improper. Although the Tucker Act does confer this court with jurisdiction to hear a takings claim, the only assets "taken" from Mr. Patterson were three levies totaling $4,504.24. DX D at 26; DX E at 45-46. Two occurred in January 2013 and the third occurred July 2010. DX D at 26; DX E at 45-46.[11] The imposition of taxes is not a taking for Fifth Amendment purposes. *See, e.g.*, *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339 (Fed. Cir. 2001). Neither are the recording of liens and sending of invoices. *First Atlas Funding Corp. ex rel. Kersting v. United States*, 23 Cl. Ct. 137, 141 (1991). Apart from the approximately $4,500 acquired by the levies, the government has taken nothing from Mr. Patterson, not the $610,111.96 he claims, nor the $65,431.01 the IRS still claims he owes for 2007 through 2012. The government has filed liens against, and sent numerous letters to, Mr. Patterson precisely because the IRS has been unable to collect what it believes he still owes.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Patterson's complaint is GRANTED. The court lacks jurisdiction to hear Mr. Patterson's claims.[12] Mr. Patterson's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[10]Though the government argues that no refund claim has been filed for "1979 through 2009 and 2012 through 2018," *see* Def.'s Mot. at 7, neither Mr. Patterson nor the government provide evidence that a refund claim was filed for 2010 or 2011.

[11]Those levies thus fall outside of the six-year statute of limitations period applicable to takings claims. *See* 28 U.S.C. § 2501.

[12]The court's finding that it lacks jurisdiction to hear Mr. Patterson's claim does not mean that the United States lacks authority to collect taxes from him.